**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| MOVEMENT MORTGAGE, LLC,<br><br>Petitioner,<br><br>v.<br><br>VICTOR SHKOLNIKOV and IGOR VELYUNSKIY,<br><br>Respondents. | Civil Action No. 3:26-cv-924<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioner Movement Mortgage, LLC ("Movement" or "Petitioner"), by and through the undersigned attorneys, hereby submits this Memorandum of Law in Support of its Petition to Confirm Arbitration Award ("Petition") against Respondents Victor Shkolnikov and Igor Velyunskiy (together, "Respondents"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a proceeding under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm a final arbitration award and to enter judgment thereon. Petitioner prevailed against Respondents in an employment dispute arbitrated before the American Arbitration Association ("AAA"). Movement now seeks an order from this Court under Section 9 of the FAA, confirming the Final Award dated July 27, 2026, and entry of judgment thereon pursuant to Section 13 of the FAA. 9 U.S.C. §§ 9, 13. A copy of the Final Award is attached as Exhibit 1.

## PARTIES

2. Petitioner Movement Mortgage, LLC, is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Fort Mill, South Carolina. For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of

which its members are citizens.[1] The members of Movement are Abram's Promise, Inc., and Harris Covenant, Inc. Abram's Promise, Inc., is a corporation organized under the laws of North Carolina with its principal place of business in Indian Land, South Carolina. Harris Covenant, Inc., is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Richmond, Virginia. At all relevant times, Movement was engaged in the business of originating mortgage loans and employed Respondents as Team Leaders.

3. Respondent Victor Shkolnikov is an individual who resides in Buffalo Grove, Illinois, and is a citizen of the State of Illinois. Mr. Shkolnikov is a former Team Leader of Movement and a party to the arbitration giving rise to the Final Award.

4. Respondent Igor Velyunskiy is an individual who resides in Hallandale Beach, Florida, and is a citizen of the State of Florida. Mr. Velyunskiy is a former Team Leader of Movement and a party to the arbitration giving rise to the Final Award.

## **JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states. Petitioner Movement Mortgage, LLC, is a citizen of South Carolina, North Carolina, and Virginia. Respondents Victor Shkolnikov and Igor Velyunskiy are citizens of Illinois and Florida, respectively. Accordingly, there is complete diversity because "the citizenship of [petitioner is] different from the citizenship of every [Respondent]." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

---

[1] *Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 235 (W.D.N.C. 2008).

6. The amount in controversy exceeds $75,000, exclusive of interest and costs, because the Final Award requires Shkolnikov to pay Movement $835,000, Velyunskiy to pay Movement $400,000, and both Respondents were ordered to pay interest. Ex. 1 at ¶¶ 188-91.

7. Venue is proper in this judicial district pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1391. In the employment agreement entered into between each Respondent and Movement, the parties agreed that any litigation between them may be brought in federal district court in Mecklenburg County, North Carolina, which sits in this judicial district, and consented to jurisdiction there. Respondents' Employment Agreements, attached as Exhibit 2, at § VIII. In addition, the arbitration was "deemed by agreement of the parties to have taken place in Charlotte, Mecklenburg County, North Carolina," which is within this judicial district, and the Final Award was made there. Ex. 1 at 6-7.

## RELEVANT FACTS

8. Movement entered into a "Team Leader Employment Agreement" with Shkolnikov on March 21, 2022, and Velyunskiy on March 24, 2022 (together, the "Employment Agreements"). Exhibit 2.

9. Each Employment Agreement incorporated a Compensation Schedule as Exhibit A, under which Movement paid each Respondent a "Start-up Payment" consisting of an unearned advance of wages. Shkolnikov Compensation Schedule, attached as Exhibit 3 at 3; Velyunskiy Compensation Schedule, attached as Exhibit 4 at 3. The Start-up Payment had two conditions: it was not deemed earned until the Respondent completed thirty-six (36) consecutive months of employment, and if the Respondent separated for any reason within that 36-month period, it became due and repayable to Movement within thirty (30) days. *See* Ex. 3 at 1, 4-5, 7; Ex. 4 at 1, 4-5, 7.

10. Pursuant to the Employment Agreements, Movement paid Shkolnikov a Start-up Payment of $835,000 and paid Velyunskiy a Start-up Payment of $400,000. Ex. 1 at ¶¶ 40-41.

11. Movement and each Respondent also entered into a written Mutual Agreement to Arbitrate, with Shkolnikov dated March 20, 2022, and with Velyunskiy dated March 24, 2022 (together, the "Arbitration Agreements"). Ex. 1 at ¶¶ 35, 38. The Arbitration Agreements are attached as Exhibit 5.

12. In the Arbitration Agreements, the parties agreed that their employment-related disputes would be resolved by binding arbitration before the AAA under its Employment Arbitration Rules, that the agreements are governed by the FAA, and that the parties are engaged in transactions involving interstate commerce. Ex. 5 at §§ 3, 13.

13. Movement filed a Demand for Arbitration with the AAA against each Respondent on February 26, 2024, asserting a breach of contract claim against each for failure to repay the Start-up Payments. Ex. 1 at ¶¶ 3-8.

14. The AAA consolidated the two matters on or about May 7, 2024, as *Movement Mortgage, LLC v. Victor Shkolnikov and Igor Velyunskiy*, AAA Case No. 01-24-0002-3683, and the matters proceeded before Arbitrator H. William Constangy (the "Arbitrator"). Ex. 1 at ¶ 9. Respondents appeared and asserted six counterclaims. *Id.* at ¶¶ 13-14.

15. A final evidentiary hearing was held before the Arbitrator on June 8-9, 2026. Ex. 1 at 1. At the conclusion of the evidence, Movement's counsel moved for directed verdicts on each of the counterclaims. *Id.* at ¶ 29. After hearing argument, the Arbitrator granted directed verdicts on five of the six counterclaims, dismissing the following counterclaims with prejudice: Breach of Contract (Count II); Unjust Enrichment (Count III); Fraudulent Inducement (Count IV); Breach of Contract: Breach of Implied Covenant of Good Faith and Fair Dealing (Count V); and Violation

of North Carolina Wage and Hour Act (Count VI). *Id.* at ¶ 30. The Arbitrator's Final Award denied and dismissed with prejudice Respondents' remaining counterclaim for Illegal Contracts: Truth in Lending Act (TILA) Violation (Count I). *Id.* at ¶¶ 90, 119.

16. On July 27, 2026, the Arbitrator issued the Final Order and Final Award (the "Final Award"). The Final Award granted Movement's breach-of-contract claims, finding that the Employment Agreements and incorporated Compensation Schedules are valid contracts and that Respondents breached them by failing to repay their Start-up Payments after their employment ended within the thirty-six-month period. *Id.* at ¶¶ 80-81, 188, 190.

17. The Final Award ordered Shkolnikov to pay Movement $835,000, and ordered Velyunskiy to pay Movement $400,000, along with pre-judgment and post-judgment interest at the North Carolina legal rate of eight percent (8%) accruing from April 23, 2023 (the date of breach) until paid in full. *Id.* at ¶¶ 185-86, 192-93.

18. The Final Award denied Movement's request to reallocate attorneys' fees and costs, and provided that each party shall bear its own costs and attorneys' fees. *Id.* at ¶¶ 180, 201.

19. The Final Award is a final and definite award resolving all claims, counterclaims, defenses, and issues submitted in the arbitration. Ex. 1 at ¶ 187.

20. The Final Award has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11, and Respondents did not move to vacate, modify, or correct the Final Award within three months of its issuance under 9 U.S.C. § 12 or within 90 days under N.C. Gen. Stat. §§ 1-569.23(b) and 1-569.24(a).

21. Pursuant to 9 U.S.C. § 9, Movement has brought this Petition within one year after the Final Award was made.

## ARGUMENT

22. Pursuant to Section 9 of the FAA, the Court should confirm the Final Award and enter final judgment in favor of Movement.

23. The Respondents each entered into a valid written agreement with Movement to arbitrate the dispute, agreed that the dispute would be resolved by binding arbitration before the AAA, and thereby agreed that judgment of a court may be entered upon the resulting award.

24. Judicial review of an arbitration award is "severely circumscribed," and is "among the narrowest known at law." *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015) (cleaned up); *see also Mapp v. Discover Bank*, No. 1:25-CV-144, 2025 WL 1431144, at *1 (M.D.N.C. Apr. 29, 2025), *aff'd*, No. 25-1533, 2026 WL 1802668 (4th Cir. June 23, 2026) ("There is a strong presumption in favor of confirming arbitration awards under the FAA, and any party seeking to overturn an arbitration award must clear a high hurdle." (quotation omitted)).

25. "[A] court must confirm the arbitration award unless the award is vacated, modified, or corrected pursuant to sections 10 or 11 of the FAA." *Regale, Inc. v. Thee Dollhouse Prods. N.C., Inc.*, 761 F. Supp. 2d 310, 320 (E.D.N.C. 2011), *amended sub nom.*, No. 5:10-CV-280-FL, 2011 WL 552184 (E.D.N.C. Feb. 9, 2011) (citing 9 U.S.C. § 9); *see also Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act.").

26. Here, the dispute was duly arbitrated, and the Arbitrator issued the Final Award on July 27, 2026, resolving all claims and counterclaims submitted. No party has moved to vacate, modify, or correct the Final Award, and the time to do so has expired under both federal and North Carolina law. Under Section 12 of the FAA, notice of a motion to vacate, modify, or correct an

award must be served “within three months after the award is filed or delivered.” 9 U.S.C. § 12. The three-month period following the July 27, 2026, Final Award expired on October 27, 2026. Likewise, under the North Carolina Revised Uniform Arbitration Act, a motion to vacate or to modify or correct an award must be filed within 90 days after the movant receives notice of the award. N.C. Gen. Stat. §§ 1-569.23(b), 1-569.24(a). That 90-day period expired on October 25, 2026. Respondents filed nothing within either period and any challenge to the Final Award is now time-barred.

27. Movement has applied to confirm the Final Award within one year after it was made. Under 9 U.S.C. § 9, this Court must therefore grant an order confirming the Final Award.

28. By reason of the foregoing, the Court should issue an order confirming the Final Award attached hereto as Exhibit 1, rendered by Arbitrator H. William Constangy and dated July 27, 2026, and direct that judgment be entered thereon.

## CONCLUSION

**WHEREFORE**, Petitioner Movement Mortgage, LLC respectfully requests that this Court:

1. Issue an order pursuant to 9 U.S.C. § 9 confirming the Final Award attached hereto as Exhibit 1, rendered by Arbitrator H. William Constangy and dated July 27, 2026.

2. Enter judgment thereon pursuant to 9 U.S.C. § 13, in favor of Movement Mortgage, LLC, and against Respondent Victor Shkolnikov in the amount of $835,000, and against Respondent Igor Velyunskiy in the amount of $400,000, in each case together with pre-judgment and post-judgment interest at the rate of eight percent (8%) per annum from April 23, 2023, until paid in full, as provided in the Final Award.

3. Award Movement its costs of this proceeding as the prevailing party.

4. Award Movement such other and further relief as this Court deems just and proper.

**WORD COUNT CERTIFICATION**

The undersigned certifies that this Memorandum of Law is less than 3,000 words.

This the 2nd day of November, 2026.

*s/G. Bryan Adams, III*
G. Bryan Adams III (N.C. Bar No. 17307)
VAN HOY, REUTLINGER, ADAMS, PIERCE & TISDALE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: 704-375-6022
Fax: 704-375-6024
Email: bryan.adams@vraptlaw.com

*ATTORNEYS FOR PETITIONER MOVEMENT MORTGAGE, LLC*